UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN GRAVES, a/k/a ARTHUR JOHN GRAVES, a/k/a JOHN HISLE,<br><br>Plaintiff,<br><br>v.<br><br>TODD BROCKMAN, et al.,<br><br>Defendants. | Case No. 18-cv-05236-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 13 |

John Graves, an inmate at the Fresno County Jail, filed a *pro se* civil rights complaint seeking relief under 42 U.S.C. § 1983. The complaint is now before the court for review under 28 U.S.C. § 1915A. Graves' application for appointment of counsel also is before the court for review.

**BACKGROUND**

The complaint alleges that, approximately three years ago in 2015, plaintiff John Graves went to visit an address and was told "get off my property" by his sister, Willa Hisle, who cohabited with her boyfriend, Todd Mosely Brockman, an "ex-Monterey Co. Sheriff." Docket No. 1 at 3. The complaint further alleges that Hisle and Brockman filed a false report and obtained a restraining order, which resulted in Graves being arrested for a probation violation. Graves contends that the actions of Hisle and Brockman violated his "right to freedom from persecution due to disability, and expression and or race, 'creed,' color." *Id.* at 3 (errors in source). He also contends that, at about the same time in 2015, Hisle and Brockman violated his right to freedom of expression and speech by withholding his mail and telling him not to have his mail sent to their address.

**DISCUSSION**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal courts are courts of limited jurisdiction. As relevant here, the court only has jurisdiction to entertain this action if it raises a federal question, such as a civil rights claim asserted under 42 U.S.C. § 1983. (There are other federal statutes that grant other bases of federal court jurisdiction, but none are applicable to this action.) In simple terms, this action can go forward in federal court if a claim is stated under § 1983; if the complaint does not state a claim under § 1983, the plaintiff should pursue his claim in state court.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A person acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (quotation marks and citations omitted). The private actions of a public official are not, simply by virtue of that official's governmental employ, accomplished under the color of state law. *Johnson v. Knowles*, 113 F.3d 1114, 1117-18 (9th Cir. 1997). "[P]urely private conduct, no matter how wrongful, is not within the protective orbit of section 1983." *Ouzts v. Maryland Nat. Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974).

The complaint fails to state a claim under § 1983 because it fails to allege facts suggesting that any defendant was acting under the color of state law. Defendant Hisle was Graves' sister and an optometrist by trade. *See* Docket No. 1 at 2, 3. Nothing in the complaint suggests she was acting

under color of state law. Defendant Brockman was Hisle's boyfriend and was a *former* Sheriff or Sheriff's deputy. *See id.* at 2. Nothing in the complaint suggests that Brockman was acting under color of state law in doing the things he allegedly did. *See generally Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (off-duty police officer who attacked plaintiffs was not acting under color of state law). Leave to amend will be granted so that Graves may attempt to allege facts showing that defendants acted under color of state law.

If he can allege facts showing that a defendant acted under color of state law, Graves also must strive to allege facts in his amended complaint showing how defendants' actions impermissibly discriminated against him and violated his right to freedom of speech. His conclusory allegations of discrimination and violation of his right to freedom of speech fail to state a plausible § 1983 claim.

Graves has filed an application for appointment of counsel to represent him in this action. Docket No. 12. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. There is a very low likelihood of success on the merits in this action due to the apparent absence of state action. The application for appointment of counsel is DENIED. Docket No. 12.

**CONCLUSION**

The complaint is dismissed with leave to amend. Plaintiff must file an amended complaint that complies with the directions in this order no later than **February 4, 2019,** and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims

3

dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of this action.

Plaintiff's application for appointment of counsel is DENIED. Docket No. 12.

**IT IS SO ORDERED**.

Dated: January 4, 2019

_____
SUSAN ILLSTON
United States District Judge